Citation Nr: 1533650 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 11-28 170 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for left ear hearing loss. 


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A. Larson, Associate Counsel


INTRODUCTION

The Veteran had active service from April 1972 to January 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. In pertinent part, the rating decision denied service connection for bilateral hearing loss and tinnitus. 

The Veteran testified at a hearing in August 2014 before the undersigned. A copy of the transcript has been associated with the Veteran's electronic claims file. The Veteran's representative was not present at the hearing, but the Veteran was not prejudiced by his representative's failure to attend.

The Board granted the Veteran service connection for right ear hearing loss and tinnitus in a November 2014 decision. It remanded the claim for service connection for left ear hearing loss for further development; this claim has since returned to the Board for adjudication. 


FINDING OF FACT

The evidence is in a state of equipoise as to whether the Veteran's left ear hearing loss is etiologically related to in-service noise exposure.


CONCLUSION OF LAW

The criteria for service connection for left ear hearing loss are met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.385 (2014).



REASONS AND BASES FOR FINDING AND CONCLUSION

As a preliminary matter, the Board concludes VA has met all statutory and regulatory notice and duty to assist provisions set forth in the Veterans Claims Assistance Act of 2000 (VCAA). 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2014). Given the grant of benefits on appeal, any VCAA error is moot.

The Veteran asserts that his left ear hearing loss is related to in-service noise exposure. Specifically, he cites exposure to gun fire on Navy vessel without wearing hearing protection as the cause of his current disability. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004); see also Hickson v. West, 12 Vet. App. 247, 253 (1999), citing Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd, 78 F.3d 604 (Fed. Cir. 1996).

Sensorineural hearing loss is considered an organic disease of the nervous system and considered a chronic disease as listed under 38 C.F.R. § 3.309(a); therefore, the presumptive provisions of 38 C.F.R. § 3.309(a) and 38 C.F.R. § 3.303(b) apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Chronic diseases are presumed to have been incurred in or aggravated by service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C.A. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). 

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease such as sensorineural hearing loss, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). 

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Veteran claims he was exposed to the sounds of shelling from five-inch guns for eight months, sometimes with inadequate or no hearing protection. The Veteran served during the Vietnam War, and was awarded the Combat Action Ribbon. Therefore, the Board concedes that the Veteran was exposed to acoustic trauma during service. The Board finds that the Veteran's testimony of noise exposure in service is competent and credible. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). 

The evidence supports a direct nexus between his current disability and his in-service acoustic trauma. See Caluza v. Brown, 7 Vet. App. 498 (1995) (finding that a medical nexus opinion can provide the link between service and a current disability). In an April 2014 independent medical examination submitted by the Veteran, the examining doctor, Dr. G.B., opined that "[i]t is my medical opinion that the hearing loss, which is bilateral, more pronounced on the right. . . is most certainly caused by acoustic trauma from his noise exposure while on active duty in the Navy." The medical opinion indicated that Dr. G.B. spoke to the Veteran about his subjective symptoms and also performed an audiological assessment.

As the results of this assessment were not yet in the record, the Board remanded the claim for service connection for left ear hearing loss to attempt to retrieve them. The April 2014 audiogram is now contained in the electronic file. While the results of the graph are not recorded in a separate chart, the Board has interpreted the audiogram to show an auditory threshold of at least 26 decibels for the 500, 3000, and 4000 hertz frequencies in the left ear; thus the Veteran has a hearing loss disability pursuant to 38 C.F.R. § 3.385..

The Board notes that a November 2009 VA audiological examination did not show that the Veteran met the objective standard for a hearing loss disability. Additionally, a February 2010 VA opinion determined that the Veteran's hearing loss was less likely than not caused by service. This VA opinion is inadequate, as it does not adequately address the Veteran's lay statements. Because the VA opinion is inadequate, it is not probative. See Dalton v. Nicholson, 21 Vet. App. 23 (2007) (holding that an examination was inadequate where the examiner did not comment on the Veteran's report of in-service injury but relied on the absence of evidence in the service medical records to provide a negative opinion).

With less weight afforded to the VA examiner's opinion and considering the Veteran's competent and credible testimony regarding the onset of his left ear hearing loss in addition to the positive opinion of the April 2014 private examiner that linked his current disability to active duty service, the evidence is, at the very least, in a state of equipoise. Accordingly, all reasonable doubt is resolved in the Veteran's favor, and his claim for service connection for left ear hearing loss is granted. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.









ORDER

Service connection for left ear hearing loss is granted.



____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs